UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:15-CV-81636-RLR

EDWARD D. GEHRES, JR.,
    Plaintiff,
v.

CRUISE OPERATOR, INC. d/b/a
BAHAMAS PARADISE CRUISE LINE,
DR. JUAN PABLO RESTREPO and NURSE
RUTH F. LARRODER,
    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS D.E. 22

**COMES NOW**, the Plaintiff, EDWARD D. GEHRES, JR., by and through undersigned counsel, and hereby files his Response to Defendant's Motion to Exclude Plaintiff's Experts, D.E. 22, and for good cause states as follows:

This case involves a personal injury allegedly caused by the negligence of the Defendant during a cruise aboard Defendant's vessel *Grand Celebration*. [D.E. 1]. The incident occurred on February 19, 2015. The Complaint was filed on December 2, 2015.

This matter is uniquely complex as the Plaintiff, Ed Gehres, was disabled prior to boarding the subject cruise due to a stroke suffered years prior. Most, if not all, of the Plaintiff's claimed damages are based on an aggravation or worsening of preexisting injuries.

In its motion, Defendant makes three different arguments against Plaintiff's listed Experts. Plaintiff addresses each in turn.

    1.    **Liability Expert Randy Jaques.**

Defendant's argument is that Jaques should be stricken because he did not produce his report with the Plaintiff's Expert Disclosure. This argument fails because Plaintiff made clear all

along that Expert Jaques could not produce his report until *after* a vessel inspection occurred. See Exhibit 1, Plaintiff's Expert Disclosure.

Defendant's Motion states "Plaintiff never requested a ship inspection and never responded to Defendant's invitation to conduct one." D.E. 22, p. 3. **This is incorrect**. On June 1, 2016, when Plaintiff served his Expert disclosures, Plaintiff's counsel expressly requested dates to conduct a vessel inspection. See Exhibit 2. A vessel inspection is necessary for Mr. Jaques to, *inter alia*, view, photograph and measure the area of the subject incident.

The vessel inspection was recently conducted on July 25, 2016, because Expert Jaques was on a previously planned out of the country vacation for most of the Summer months (June 14-July 16). Jaques' report was immediately provided to Defendant on July 29, 2016. Thus, Defendant's motion as to Jaques is moot because, even within the present *Daubert* motion deadline (August 24, 2016), Defendant has adequate time to depose Jaques and file a *Daubert* motion (if it chooses).[1]

Accordingly, there is adequate good cause shown for the delay in producing Mr. Jaques report. And perhaps more importantly, there is simply no prejudice to Defendant. Defendant's Motion should be denied.

2.  **Medical Expert Dr. Felix Freshwater**

Defendant makes the identical argument with regards to Dr. Freshwater. Defendant argues that Dr. Freshwater should be stricken because he failed to produce a report. This argument fails because Plaintiff made clear in his disclosure that "Dr. Freshwater will produce his report after his IME with the Plaintiff which is presently scheduled for June 8, 2016.[2]" See Exhibit 1.

---

[1] To the extent this Honorable Court finds this is not a sufficient amount of time, Plaintiff has filed an unopposed Motion to Continue trial [D.E. 27], which if granted, would give Defendant additional time for all discovery and motion practice related to Plaintiff's experts.

[2] Plaintiff Ed Gehres resides in Maryland and was scheduled to come to Miami in early June 2016 for deposition, mediation and an IME (Independent Medical Examination) with Defendant's Medical Expert. Thus, this time period is when the IME with Freshwater was scheduled as well.

The IME with Dr. Freshwater occurred on June 8, 2016, as planned. Unfortunately, Plaintiff's counsel recently learned that Dr. Freshwater was diagnosed with cancer and is presently undergoing chemotherapy. As a result, Dr. Freshwater is no longer able to provide opinion(s) on behalf of the Plaintiff. This is the sole reason why Plaintiff has been unable to produce a report from Dr. Freshwater.

Based on this newly discovered issue, Plaintiff filed his unopposed Motion to Continue trial [D.E. 27] in order to give Plaintiff limited additional time in order to replace Dr. Freshwater with a comparable expert. Said expert testimony is critical given the complex nature of Plaintiff's medical condition. For this reason, Defendant's argument as to Dr. Freshwater is moot if this Honorable Court grants the requested brief extension. Nonetheless, as shown, there is adequate good cause for the failure to produce his expert report.

3. **Plaintiff's Treating Doctors**

Lastly, Defendant makes argument against the other three medical providers listed in Plaintiff's Expert Witness disclosure: Dr. Machado, Dr. Solomon, and Dr. Armando. All three doctors are treating doctors of the Plaintiff. As expressly stated in the Expert Witness disclosure, these doctors were "listed as an expert in an abundance of caution in order to provide opinions where necessary."

Defendant similarly argues they should be excluded because they failed to produce reports. Defendant's argument fails because the law is clear that, as treaters, they do *not* have to produce reports. In *Nagle v. Mink*, 2011 WL 3861435 (S.D. Colo. Aug. 29, 2011), the court, in considering the same issue raised here stated:

> Although a witness's "records as treating physician may, in some instances, obviate the need for a report, "[i]t is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." **When a witness's testimony is limited to "his observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony**

**about that treatment are based on his specialized knowledge and training." Under these circumstances, no Rule 26(a)(2)(B) report is necessary**. However, when a witness "opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it…and [is] giving an opinion formed because there is a lawsuit."… [In that case], the witness is considered "retained or employed" under Rule 26(a)(2)(B) and must file a written report accordingly.

Herein, Plaintiff only intends to elicit testimony from Plaintiff's medical providers regarding the medical care they provided to the Plaintiff. As such, Defendant's argument fails.

Accordingly, for the reasons set forth herein, it should be clear to this Honorable Court that the Plaintiff has acted diligently and in good faith. There is adequate good cause shown for the failure to produce the expert reports and there is no prejudice to the Defendant. As such, Defendant's Motion should be denied in its entirety.

> Respectfully submitted,
>
> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> Suite 1776, One Biscayne Tower
> Miami, Florida 33131
> Telephone: (305) 373-3016
> Facsimile:  (305) 373-6204
> Email: mwinkleman@lipcon.com
>
> By: /s/ *Michael Winkleman*
> **MICHAEL WINKLEMAN**
> FLORIDA BAR # 36719

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1ST of August, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Michael Winkleman*
**MICHAEL WINKLEMAN**
Florida Bar No. 36719

**SERVICE LIST**

CASE NO. 9:15-CV-81636-RLR

| | |
|---|---|
| John P. Fischer, Esq. | Allan R. Kelley, Esq. |
| FISCHER LAW FIRM, PLLC | FOWLER WHITE BURNETT, P.A. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 2888 East Oakland Park Blvd. | Espirito Santo Plaza, 14th Floor |
| Fort Lauderdale, FL 33306 | 1395 Brickell Avenue |
| Telephone: (954) 860-8434 | Miami, Florida 33131 |
| Facsimile: (954) 860-8584 | Telephone: (305) 789-9200 |
| jfischer@jpfischerlaw.com | Facsimile: (305) 789-9201 |
| cbrown@jpfischerlaw.com | akelley@fowler-white.com |
| | wl@fowler-white.com |