UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-81636-ROSENBERG/BRANNON

EDWARD D. GEHRES, JR.,

    Plaintiff,

v.

CRUISE OPERATOR, INC. d/b/a
BAHAMAS CRUISE LINE, INC.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Defendant Cruise Operator, Inc. d/b/a Bahamas Paradise Cruise Line's Motion for Reconsideration of Paperless Order Denying Defendant's Motion to Strike Testimony of Plaintiff's Expert Jim Hirschman, M.D. [DE 70]. The Court has carefully reviewed Defendant's Motion, Plaintiff's Response thereto [DE 75], and Defendant's Reply [DE 80], and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is **DENIED**.

### I.    INTRODUCTION

This is a negligence action arising out of Plaintiff's fall while on board Defendant's cruise ship. *See* DE 16. At trial, Plaintiff intends to offer expert testimony from Dr. Jim C. Hirschman, who has opined that there should have been an X-ray machine on the ship. The Court has previously ruled that Dr. Hirschman may testify as to that opinion at trial. Through the Motion presently before the Court, Defendant seeks to exclude evidence concerning the specific industry guidelines on which this opinion is based.

## II.     BACKGROUND

On October 21, 2016, Defendant filed a Motion to Exclude Testimony of Plaintiff's Expert Dr. Jim C. Hirschman [DE 40]. In that Motion, Defendant sought to exclude Dr. Hirschman's opinion that there should have been an X-ray machine on board the ship, arguing that Dr. Hirschman had provided no basis for that opinion. *See* DE 40 at 15. On November 4, 2016, Plaintiff filed his Response [DE 57] to Defendant's Motion. In his Response, Plaintiff argued that Dr. Hirschman's opinion was based on industry standards as set forth in the Health Care Guidelines for Cruise Ship Medical Facilities published by the American College of Emergency Physicians (the "ACEP Guidelines"). *See* DE 57 at 8.

The Court held a hearing on November 7, 2016, during which Defendant argued that Dr. Hirschman should not be permitted to testify as to the opinion that there should have been an X-ray machine on board the ship because "that is a new opinion. They first bring that up in the response to the motion. The standard they said—they cite that for the first time in the response." DE 75-1, Hrg. Tr. at 54:17–22. However, as Plaintiff noted during the hearing, Dr. Hirschman had testified as to that opinion during his deposition on October 3, 2016, one month prior to the date of Plaintiff's Response in opposition to Defendant's Motion. *See* DE 57-5, Hirschman Depo. at 13:23–14:23.[1] Accordingly, the Court found that Defendant had been on notice of Dr. Hirschman's opinion since his deposition on October 3, 2016, and ruled that Plaintiff could offer Dr. Hirschman's opinion at trial. *See* DE 75-1, Hrg. Tr. at 58:3–5.

Following the hearing, the Court entered an Order [DE 66] denying Defendant's Motion for the reasons stated on the record. That Order provides as follows:

---

[1] While this opinion had not been offered either in Dr. Hirschman's initial expert report dated August 31, 2016, or his supplemental report dated September 21, 2016, it appears that this is because Dr. Hirschman first learned that Defendant's ship did not have an X-ray machine during his deposition on October 3, 2016. *See id.* at 13:20–22.

2

> *The parties shall refer to the hearing transcript for the details of the Court's rulings* and shall abide by those rulings during trial. Briefly, the Court ruled that *Dr. Hirschman may testify that: Defendant's ship should have had an X-ray machine to comport with industry standards*; the standard of care would have been for the ship's doctor to X-ray Plaintiff's wrist, wrap the wrist in a bandage, and warn Plaintiff of the risk of falling again; the failure to warn may have caused or contributed to Plaintiff's subsequent fall; and both the fall on the ship and the subsequent fall aggravated Plaintiff's spinal stenosis, resulting in weakness of the right lower extremity due to peripheral nerve root compression. As represented by Plaintiff's counsel during the hearing, Dr. Hirschman will not testify as to Plaintiff's need for a handicapped-accessible cabin or the cause of Plaintiff's fall on the ship.

DE 66 (emphasis added).

Defendant now seeks reconsideration of that Order. In the Motion presently before the Court, Defendant does not seek to exclude Dr. Hirschman's opinion that the ship should have had an X-ray machine. Rather, Defendant seeks to exclude any evidence concerning the ACEP Guidelines on which that opinion is based, arguing primarily that Plaintiff did not timely disclose the Guidelines during the course of discovery as required by Federal Rule of Civil Procedure 26.

### III.   DISCUSSION

Defendant argues that reconsideration is appropriate "to correct clear error and prevent manifest injustice." *See* DE 80 at 1. The Court disagrees.

> [R]econsideration of a previous order is an extraordinary remedy to be employed sparingly. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.

*Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1257 (S.D. Fla. 2014) (internal quotation marks and citations omitted). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate

3

arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

As an initial matter, the Court is not convinced that reconsideration of its prior Order is the appropriate manner in which to seek exclusion of evidence concerning the ACEP Guidelines, as the Court made no ruling as to whether Plaintiff could offer such evidence. Defendant itself recognizes that this Court's ruling "did not address . . . whether it is proper for Dr. Hirschman to testify about ACEP guidelines that were not disclosed in the course of discovery, in a Rule 26 report, a supplemental report or deposition." *See* DE 80 at 2.

Nevertheless, assuming that such evidence falls within the scope of this Court's prior Order, reconsideration is not warranted. Defendant is correct that Dr. Hirschman did not disclose during his deposition on October 3, 2016, that his opinion was based on the ACEP Guidelines. *See* DE 57-5, Hirschman Depo. Rather, Dr. Hirschman's reliance on the ACEP Guidelines was disclosed for the first time on November 4, 2016, in Plaintiff's Response to Defendant's Motion to exclude Dr. Hirschman's testimony. *See* DE 57 at 8. However, Defendant did not inquire as to the basis of Dr. Hirschman's opinion during the deposition. *See* DE 57-5, Hirschman Depo. More importantly, Dr. Hirschman's reliance on the ACEP Guidelines was timely disclosed.

Pursuant to Rule 26(a)(2), an expert witness must prepare a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). With respect to the duty to supplement, Rule 26(e) provides as follows:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures

4

under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2). Plaintiff therefore had a duty to disclose additional expert opinions and the bases therefore prior to the deadline for pretrial disclosures under Rule 26(a)(3).

Pursuant to this Court's Order [DE 31] granting Plaintiff's Unopposed Motion to Continue Trial and All Related Deadlines, the deadline to exchange Rule 26(a)(3) witness and exhibit lists was November 14, 2016. Accordingly, Plaintiff was also required to disclose Dr. Hirschman's reliance on the Guidelines by November 14, 2016—ten days after Plaintiff did so. Defendant has been on notice of Dr. Hirschman's reliance on the ACEP Guidelines since Plaintiff filed his Response to Defendant's Motion to exclude Dr. Hirschman's testimony on November 4, 2016. As the Court previously concluded, Defendant has also been on notice of Dr. Hirschman's opinion that the ship should have had an X-ray machine—which has not been altered in any way by the ACEP Guidelines—since October 3, 2016.

Accordingly, the Court is not persuaded that reconsideration of its Order denying Defendant's Motion to Strike Testimony of Dr. Jim C. Hirschman is appropriate based upon the timing of the disclosure of Dr. Hirschman's reliance on the ACEP Guidelines. To the extent Defendant also argues that evidence concerning the ACEP Guidelines is not probative because the Guidelines do not necessarily apply to Defendant's ship and that Dr. Hirschman is not qualified to opine as to the Guidelines' applicability, Defendant's arguments do not warrant the extraordinary remedy of reconsideration for the reasons set forth in Plaintiff's Response. *See* DE 70 at 6–7; DE 75 at 5–7.

Finally, Defendant requests—if evidence concerning the ACEP Guidelines is admitted at trial—that Defendant's expert Dr. Carlos Gonzalez be permitted to testify that the Guidelines do

not apply to Defendant's ship. *See* DE 70 at 7–8. Plaintiff does not object to this request, provided that Dr. Gonzalez be required to file a supplemental report stating his opinions and the bases therefore immediately. *See* DE 75 at 7. Defendant asserts, and the Court agrees, that Dr. Gonzalez should not be required to file a supplemental report. Just as Defendant has been on notice of Dr. Hirschman's reliance on the ACEP Guidelines since November 4, 2016, Plaintiff has been on notice of Dr. Gonzalez's opinion that these Guidelines do not apply to Defendant's ship since November 11, 2016, the date on which Defendant's Motion for Reconsideration was filed. And, just as Dr. Hirschman was not required to file a supplemental report setting forth his opinion that there should have been an X-ray machine on the ship and his reliance on the ACEP Guidelines, this Court will not require Dr. Gonzalez to file a supplemental report setting forth his opinion that the Guidelines do not apply to the ship and the bases therefore. If evidence concerning the ACEP Guidelines is admitted at trial, Defendant's expert Dr. Gonzalez may testify that the Guidelines do not apply to Defendant's ship.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Cruise Operator, Inc. d/b/a Bahamas Paradise Cruise Line's Motion for Reconsideration of Paperless Order Denying Defendant's Motion to Strike Testimony of Plaintiff's Expert Jim Hirschman, M.D. [DE 70] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 30th day of November, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record